UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Justin Jamal Lewis, ) | C/A No. 8:25-cv-0213-BHH-WSB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| A/W Thomas, Robinson, Smith, Unknown Cert ) | |
| Team Member, Robert Sherriell, Coker, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter is before the Court on Plaintiff's Motion for Default Judgment.[1] ECF No. 32. Plaintiff, proceeding *pro se*, brought this action under 42 U.S.C. § 1983 alleging violations of his rights under the United States Constitution. Plaintiff is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at the Lee Correctional Institution. Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and make recommendations to the district court.[2] For the reasons below, Plaintiff's Motion should be denied.

---

[1] Plaintiff's Motion also seeks the issuance of a subpoena. The Clerk has filed Plaintiff's Motion as two separate entries on the docket, and the undersigned will address Plaintiff's request for subpoena (docketed at ECF No. 34) by separate Order.

[2] It has been recognized in this District that a "motion for default judgment operates as the functional equivalent of a dispositive motion" and a Magistrate Judge must therefore issue a report and recommendation on such motions. *Broadbent v. Mitchell*, C/A No. 0:09-cv-1616-CMC-PJG, 2009 WL 3698131, at *1 (D.S.C. Nov. 3, 2009).

1

**BACKGROUND**

Plaintiff commenced this action by filing a Complaint alleging violations of his constitutional rights. ECF No. 1. Thereafter, Plaintiff filed an Amended Complaint. ECF No. 11. By Order dated February 27, 2025, the Court authorized service of process on the above-captioned Defendants.[3] ECF No. 16. Service was executed on Defendants Coker, Robinson, Sherriell, Smith, and Thomas on March 11, 2025. ECF No. 25. On March 27, 2025, those Defendants filed an Answer to the Amended Complaint. ECF No. 24. The Court issued a Scheduling Order on April 1, 2025. ECF No. 30. Discovery is due by June 30, 2025, and dispositive motions are due by July 31, 2025. *Id*.

On April 7, 2025, Plaintiff filed a Motion for Default Judgment. ECF No. 32. The undersigned concludes that a response by Defendants is unnecessary for evaluation of the Motion.

**DISCUSSION**

Plaintiff has filed a Motion for Default Judgment seeking "the entire relief sought in the above referenced complaint for failure to deny allegations specifically in response." ECF No. 33 at 1. Plaintiff contends Defendants' Answer fails to comply with Rule 8 of the Federal Rules of Civil Procedure and, instead, makes "general statements responding as a collective only demanding strict proof." *Id*.

Rule 55 of the Federal Rules of Civil Procedure authorizes the entry of a default judgment when a defendant fails "to plead or otherwise defend" in accordance with the Rules. Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure establishes that "[a] defendant must serve an answer[ ] within 21 days after being served with the summons and complaint." All of the

---

[3] Service was not authorized for the "Unknown Cert Team Member," as Plaintiff has not yet identified that Defendant so that service can be accomplished. ECF No. 20.

Defendants who have been properly served have filed an Answer within the time provided under Rule 12. ECF No. 24. As such, no Defendant is presently in default and Plaintiff's request for entry of default is without merit. The Motion should therefore be denied.

Plaintiff seems to be challenging the sufficiency of Defendants' Answer. To the extent Plaintiff's Motion is a challenge to the Answer under Rule 8(b), the arguments are without merit. Defendants' Answer complies with the requirements of Rule 8. *Richardson v. Union Pub. Safety Dep't Police*, C/A No. 7:10-cv-2679-JMC-JDA, 2011 WL 2193330, at *6 (D.S.C. May 13, 2011), *R&R adopted by* 2011 WL 2198291 (D.S.C. June 6, 2011) (rejecting the plaintiff's request for a default judgment based on the argument that the defendant "failed to admit or deny every element of the Plaintiff's claim" because Rule 8(b) "allows for general denials"). Rule 8(b)(3) expressly allows a defendant to provide a general denial to the allegations in a complaint, and the Rules do not impose an obligation to come forward at this stage of the proceedings with evidence or specific information regarding the claims asserted. *See, e.g.*, *Bradford v. HSBC Mortg. Corp.*, C/A No. 1:09-cv-1226, 2011 WL 9933767, at *1 (E.D. Va. Jan. 21, 2011) (discussing pleading requirements of an answer). Because Defendants have answered the operative pleading in this matter, Plaintiff's Motion should be denied.

## CONCLUSION AND RECOMMENDATION

For the reasons above, Plaintiff's Motion for Default Judgement (ECF No. 32) should be **DENIED**.

**IT IS SO RECOMMENDED**.

s/William S. Brown  
United States Magistrate Judge

April 9, 2025  
Greenville, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).