UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Justin Jamal Lewis, ) | C/A No. 8:25-cv-0213-BHH-WSB |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| A/W Thomas, Robinson, Smith, Robert Sherriell, ) | |
| Coker, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction. ECF No. 77 (captioned as a "Motion for Reparative Injunction and Preventative Injunction"). Plaintiff, proceeding *pro se*, brought this action under 42 U.S.C. § 1983 alleging violations of his rights under the United States Constitution. Plaintiff is an inmate in the custody of the South Carolina Department of Corrections ("SCDC") and is presently incarcerated at the McCormick Correctional Institution. Pursuant to 28 U.S.C. § 636(b), and Local Civil Rule 73.02(B) (D.S.C.), the undersigned United States Magistrate Judge is authorized to review all pretrial matters in cases filed under § 1983 and make recommendations to the district court. For the reasons below, Plaintiff's Motion should be denied.

**BACKGROUND**

**Procedural History**

Plaintiff commenced this action by filing a Complaint alleging violations of his constitutional rights. ECF No. 1. Thereafter, Plaintiff filed an Amended Complaint. ECF No. 11. By Order dated February 27, 2025, the Court authorized service of process on the above-captioned Defendants. ECF No. 20. On March 27, 2025, Defendants filed an Answer to the Amended

Complaint.  ECF No. 24.  Dispositive motions are currently due on November 13, 2025.  ECF No. 86.

On July 28, 2025, Plaintiff filed a Motion for Preliminary Injunction.  ECF No. 77.  Defendants filed a Response in Opposition on August 11, 2025.  ECF No. 79.  Plaintiff filed a Reply on August 25, 2025.  ECF No. 89.  The Motion is ripe for disposition.

**Factual Allegations**

Plaintiff makes the following allegations in his Amended Complaint.  ECF No. 11.  Plaintiff contends his constitutional rights have been violated under the Fourth, Sixth, Eighth, and Fourteenth Amendments.  *Id*. at 5.  Plaintiff contends the events giving rise to his claims occurred at the Lee Correctional Institution ("Lee") on various dates in 2023, 2024, and 2025.  *Id*. at 6.  Plaintiff contends that, on August 8, 2023, in the Lee Restrictive Housing Unit ("RHU"), after requesting to speak with mental health because Plaintiff was in fear for his life, Sgt. Robinson and an unknown cert team member entered Plaintiff's cell, assaulted him, and slammed him onto his back.  *Id*.  Plaintiff stopped breathing and suffered injury. *Id*. at 6–7.  On November 1, 2024, Smith disabled Plaintiff's phone.  *Id*. at 7.  On August 8, 2023, Thomas authorized excessive force without an incident report, limited Plaintiff's legal materials, and illegally detained Plaintiff in RHU.  *Id*.  Plaintiff alleges Officer Coker refused to call mental health after Plaintiff notified him of suicidal thoughts on October 25, 2024, December 30, 2024, and January 19, 2025.  *Id*. at 8.  Plaintiff contends an unknown inmate in cell 41 at Lee RHU threw chemicals on Plaintiff on December 18, 2024, while Plaintiff was leaving showers, causing irritation and bumps on his skin.  *Id*.  Plaintiff contends Cpt. Shirriell witnessed the inmate in cell 41 throw chemicals at Plaintiff, but did not complete an incident report and took no action.  *Id*.

Plaintiff was treated by Dr. Burnham on January 7, 2025. *Id*. Plaintiff contends that after he was assaulted on August 8, 2023, he was treated by medical and received pain medicine. *Id*. He requested x-rays, but nothing was done. *Id*. Plaintiff contends that A/W Thomas was the security warden present during the assault and refused to allow Plaintiff to go to medical. *Id*. Plaintiff asserts that A/W Thomas admitted to limiting Plaintiff's legal materials related to Plaintiff's post-conviction relief ("PCR") action, giving the state an unfair advantage. *Id*. Plaintiff contends he did not receive legal materials on December 9, 2024. *Id*. According to Plaintiff, A/W Thomas illegally detained Plaintiff in RHU solitary confinement without a warrant from October 24, 2024, to the present. *Id*. Plaintiff contends that, on November 9, 2024, feces were thrown on his cell through a hole in the wall making Plaintiff sick. *Id*. Plaintiff submitted feces sample to Wells from mental health on November 18, 2024, during a mental health session. *Id*. Plaintiff's cell was disinfected by Lt. Moore and Cpt. Shirriell on November 12, 2024. *Id*. On November 8, 2024, Cpt. Shirriell threatened Plaintiff with a large can of mace after telling Wells from mental health that Plaintiff was having suicidal thoughts in the shower. *Id*. Plaintiff contends he was refused dinner on that day by Shirriell. *Id*. Plaintiff was in fear for his life with Shirriell in authority. *Id*.

Plaintiff asserts as follows regarding his injuries. *Id*. at 7. As a result of the August 8, 2023, assault, Plaintiff suffered leg, hip, foot, back and arm injuries. *Id*. Plaintiff did not receive any x-rays or follow up with medical. *Id*. As a result of chemicals being thrown on December 18, 2024, Plaintiff suffered irritation and bumps. *Id*. He did not receive medical treatment until January 7, 2025, when he was treated by Dr. Burhnam. *Id*. Plaintiff contends he has suffered extreme psychological injuries; alignment issues in his back; "full body damaged"; sickness from feces; and toe injury, damaged bunions, swelling, and bleeding from the August 8, 2023, assault.

*Id*.  Plaintiff alleges he received ibuprofen for his injuries but no follow up treatment.  *Id*.  For his relief, Plaintiff seeks punitive damages in the amount of $10 million and $3 million in actual damages for long term injuries, skin condition, psychological injury, legal fees, attorney fees, loss of wages, long term back issues, mental health treatment, extended period of solitary confinement, medical expenses, loss of time to prepare his case, and pain and suffering.  *Id*.

## **STANDARD OF REVIEW**

**Liberal Construction of *Pro Se* Pleadings**

Plaintiff brought this action *pro se*, which requires the Court to liberally construe his pleadings.  *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  The mandated liberal construction means only that if the Court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so.  *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999).  A court may not construct the plaintiff's legal arguments for him.  *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993).  Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

**Requirements for a Preliminary Injunction**

A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it."  *Centro Tepeyac v. Montgomery Cnty.*, 722 F.3d 184, 188 (4th Cir. 2013) (citation and internal quotation marks omitted).  "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *United States v. South*

*Carolina*, 720 F.3d 518, 524 (4th Cir. 2013) (citation and internal quotation marks omitted). Because granting a motion for preliminary injunctive relief "requires that a district court, acting on an incomplete record, order a party to act, or refrain from acting, in a certain way, the danger of a mistake in this setting is substantial." *Hughes Network Sys., Inc. v. InterDigital Commc'ns Corp.*, 17 F.3d 691, 693 (4th Cir. 1994) (cleaned up) (citation and internal quotation marks omitted). Accordingly, the decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007).

Under the Prison Litigation Reform Act ("PLRA"):

> In any civil action with respect to prison conditions, to the extent otherwise authorized by law, the court may enter a temporary restraining order or an order for preliminary injunctive relief. Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system.

18 U.S.C. § 3626(a)(2). The current standard for granting preliminary injunctive relief is set forth in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). Under *Winter*, to obtain a preliminary injunction, the moving party must demonstrate:

1) he is likely to succeed on the merits,

2) he will suffer irreparable harm if the preliminary injunction is not granted,

3) the balance of equities favors him, and

4) the injunction is in the public interest.

555 U.S. at 20; *see also League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Moreover, *Winter* requires that each preliminary injunction factor "be 'satisfied as

articulated.'" *Pashby v. Delia*, 709 F.3d 307, 320–21 (4th Cir. 2013) (quoting *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 347 (4th Cir. 2009), *vacated on other grounds, Citizens United v. FEC*, 558 U.S. 310 (2010), *aff'd, The Real Truth About Obama, Inc. v. FEC*, 607 F.3d 355 (4th Cir. 2010)). To succeed, Plaintiff must satisfy all four of these requirements. *Pashby*, 709 F.3d at 320–21. Therefore, the movant bears a heavy burden in seeking a preliminary injunction. *Id.* at 321.

## DISCUSSION

In the Motion for Preliminary Injunction, Plaintiff requests that the Court order Defendants "to restore Plaintiff to position that Plaintiff occupied before Defendant committed a wrong" and "return Plaintiff to general population." ECF No. 77. Plaintiff contends that on September 4, 2024, he was placed in the RHU pending transfer without any disciplinary charges and remained in solitary confinement until May 29, 2025, "without having no existing Extended Time in restricted housing documents written and signed by ADDO Dennis Patterson and Dr. Chris Kunkle . . ." *Id*. Plaintiff alleges that, prior to being placed in RHU, he had been disciplinary free for ten months and became eligible for full work credits as of November 1, 2024. *Id*. Plaintiff seeks an injunction to remove any disciplinary actions and sanctions, restore all good time credits lost, and apply all work credits he would have earned toward his classification and release eligibility. *Id*.

In response, Defendants argue Plaintiff is not entitled to a preliminary injunction because he does not satisfy the *Winter* factors, Plaintiff's factual allegations are contradicted by the record, and SCDC officials are entitled to significant deference in housing and security decisions. ECF No. 79. The Court agrees.

**The *Winter* Factors**

Plaintiff is not entitled to a preliminary injunction because he has not shown that he can satisfy the test articulated in *Winter*. Plaintiff cannot show he is likely to succeed on the merits, as he has offered nothing beyond his own conjecture to substantiate his allegations that Defendants have violated his rights or that he is entitled to the nature of the relief sought in his Motion. Plaintiff merely regurgitates the allegations in his Amended Complaint and demands some of the relief sought in his pleadings. Such a request for final relief is not appropriate for a preliminary injunction, which is designed to preserve the status quo and prevent irreparable harm pending resolution on the merits. *Hoechst Diafoil Co. v. Nan Ya Plastics Corp.*, 174 F.3d 411, 422 (4th Cir. 1999) ("[A] preliminary injunction preserves the status quo pending a final trial on the merits."); *Allston v. Lewis*, 480 F. Supp. 328, 333 (D.S.C. 1979) (explaining that granting the plaintiff the final relief sought and not merely to preserve the status "is beyond the scope and purpose of a preliminary injunction"), *aff'd*, 688 F.2d 829 (4th Cir. 1982). Plaintiff has not demonstrated, by evidence or argument, that he is likely to succeed on the merits of his claims. Nor has Plaintiff identified any irreparable harm or injury necessitating the imposition of a preliminary injunction. "Additionally, Plaintiff has presented nothing to show that the balance of equities tips in his behavior or that an injunction is in the public interest." *Cabbagestalk v. Cartledge*, C/A No. 3:12-cv-3182-SB, 2013 WL 5409206, at *9 (D.S.C. June 21, 2013), *R&R adopted by* 2013 WL 5409204 (D.S.C. Sept. 25, 2013).

Accordingly, Plaintiff has failed to make a clear showing that he has satisfied the requirements of *Winter*, and his Motion therefore should be denied.

**The Record Evidence**

Additionally, as argued by Defendants, the evidence submitted at this stage does not support Plaintiff's contentions. Defendants have submitted the Affidavit of Associate Warden Rudy Tisdale along with certain SCDC documents regarding Plaintiff's prison disciplinary record and classification records. ECF No. 79-1. Tisdale's Affidavit and the supporting documents contradict Plaintiff's contention that he was placed in the RHU without disciplinary justification and that he had been disciplinary free prior to his placement. Those records demonstrate that Plaintiff was placed in the RHU on September 4, 2024, for disciplinary reasons and that subsequent review demonstrated his continued placement in the RHU was appropriate. *Id*. Based on a review of the records submitted by Defendants, it appears that Plaintiff's RHU placement is supported by legitimate safety concerns, ongoing behavioral issues, and properly documented disciplinary infractions. Plaintiff on the other hand has offered no documentary evidence to counter Defendants' submitted Affidavit and SCDC records. As such, Plaintiff has failed to show he is entitled to the relief sought in his Motion, and his allegations are contradicted by competent evidence submitted by Defendants. This conclusion is not a suggestion, however, that Plaintiff may not be able to ultimately prevail on the underlying merits of the claims asserted in the Complaint. It just means that, at this stage, Plaintiff has failed to carry his burden of showing he is entitled to a preliminary injunction.

**Deference to SCDC Officials**

Finally, "Courts must allow prison officials 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Couch v. Clarke*, C/A No. 7:18-cv-00049, 2019 WL 1433777, at *4 (W.D. Va. Mar. 29, 2019), *aff'd*, 782 F. App'x 290 (4th Cir. 2019) (quoting

*Bell v. Wolfish*, 441 U.S. 520, 547 (1979)). Such matters "are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment." *Bell*, 441 U.S. at 548. Plaintiff has failed to show that he is entitled to a preliminary injunction other than offering his own self-serving statements, and this Court finds his request is without merit as the "[d]ecisions relating to the day-to-day operation of prisons are entrusted to the officials of the particular institution or correctional system." *Wolfe v. Rynolds*, C/A No. 4:18-cv-1350-RBH-TER, 2018 WL 7254685, at *2 (D.S.C. Nov. 14, 2018), *R&R adopted by* 2019 WL 258110 (D.S.C. Jan. 18, 2019). Plaintiff has failed to show through argument or evidence that the Court should override the deference ordinarily given to prison officials.

## CONCLUSION AND RECOMMENDATION

For the reasons above, Plaintiff's Motion Preliminary Injunction (ECF No. 77) should be **DENIED**.

**IT IS SO RECOMMENDED**.

s/William S. Brown
United States Magistrate Judge

August 27, 2025
Greenville, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 250 East North Street, Suite 2300
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).