IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Justin Jamal Lewis, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 8:25-213-BHH |
| v. ) | |
| ) | **ORDER** |
| A/W Thomas, Robinson, Smith, Robert ) | |
| Sherriell, Coker, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Justin Jamal Lewis's ("Plaintiff") motion, which he captioned as a "motion for reparative injunction and preventative injunction." (ECF No. 77.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B) (D.S.C.), the matter was referred to a United States Magistrate Judge for preliminary review.

On August 27, 2025, Magistrate Judge William S. Brown issued a Report and Recommendation ("Report") outlining the issues and recommending that the Court deny Plaintiff's motion for a preliminary injunction, explaining that Plaintiff has failed to make a clear showing of the elements required for the issuance of a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). (ECF No. 66.)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed, although Plaintiff has filed a number of other motions. (*See* ECF Nos. 97, 101, 102, 110, 111.)

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).  In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

      Here, because no objections to the Report have been filed, the Court has reviewed the record, the applicable law, and the findings of the Magistrate Judge for clear error. After review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis.  As the Magistrate Judge explained, Plaintiff has not made the requisite clear showing of the elements necessary for the issuance of a preliminary injunction; the record evidence does not support Plaintiff's assertions; and Plaintiff has failed to demonstrate that the Court should override the deference ordinarily given to prison officials in the execution of policies and practices that in their judgment are necessary to preserve order and maintain security. Accordingly, the Court hereby **adopts and incorporates** the Magistrate Judge's Report (ECF No. 94); and the Court **denies** Plaintiff's motion for a preliminary injunction (ECF No. 77).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

September 22, 2025
Charleston, South Carolina